1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

MICHAEL STANLEY GALLEGOS,          )
9                                   )
         Petitioner,               )
10                                  )
         v.                        )    CIV 07-02263 PHX MHM (MEA)
11                                  )
DORA SCHRIRO and                   )    REPORT AND RECOMMENDATION
12  ARIZONA ATTORNEY GENERAL,       )
                                    )
13         Respondents.            )
_____ )
14

TO THE HONORABLE MARY H. MURGUIA:

15
          On November 19, 2007, Petitioner filed a *pro se*
16
petition seeking a writ of habeas corpus pursuant to 42 U.S.C.
17
§ 2254.  Respondents filed an Answer to Petition for Writ of
18
Habeas Corpus ("Answer") (Docket No. 17) on July 11, 2008.
19
Respondents argue the action for habeas relief was not timely
20
filed and that Petitioner procedurally defaulted his claims in
21
the state courts and, therefore, that the petition must be
22
denied and dismissed with prejudice.  Petitioner filed a reply
23
to Respondents' answer to his petition on September 12, 2008.
24
See Docket No. 20.
25
          **I Procedural History**
26
          In 1998 Petitioner was charged with ten crimes, *inter*
27
*alia*, one count of sexual conduct with a minor and one count of
28

attempted molestation of a child.  <u>See</u> Answer, Exh. A & Exh. B. On July 31, 1998, Petitioner entered into a written plea agreement with regard to these charges, providing that he would plead guilty to two counts and that the other eight counts would be dismissed.  <u>See</u> <u>id.</u>, Exh. B.  The plea agreement provided Petitioner would plead guilty to one count of sexual conduct with a minor and one count of attempted child molestation.  <u>See</u> <u>id.</u>, Exh. B.  The plea agreement waived Petitioner's right to a jury trial.  <u>Id.</u>, Exh. B.  The plea agreement states that the sentencing court would impose a sentence within the minimum and maximum range provided for in the plea agreement, noting a presumptive sentence of 10 to 20 years imprisonment and a maximum sentence of 15 to 27 years imprisonment.  <u>Id.</u>, Exh. B at 2.

On October 23, 1998, Petitioner was sentenced to an aggravated term of 22 years imprisonment pursuant to his conviction for sexual conduct with a minor and to a consecutive term of lifetime probation pursuant to his conviction for attempted chid molestation.  <u>Id.</u>, Exh. C.

Petitioner filed a timely action seeking state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on November 5, 1998.  <u>Id.</u>, Exh. D.  Petitioner was appointed counsel, who averred to the state court that he could find no meritorious grounds for relief.  <u>Id.</u>, Exh. E.  Although allowed extra time to do so by the state court, Petitioner did not file a pro se brief in this Rule 32 action.  <u>Id.</u>, Exh. F & Exh. G.  The state trial court dismissed the action for

Petitioner's failure to prosecute on September 3, 1999. <u>See</u> <u>id.</u>, Exh. G.

Petitioner filed another state action for post-conviction relief pursuant to Rule 32 in June of 2005. <u>Id.</u>, Exh. C. Petitioner asserted he was entitled to relief from his sentences based on the United States Supreme Court's decision in <u>Blakely v. Washington</u>. <u>Id.</u>, Exh. H. The state trial court dismissed the Rule 32 action on June 30, 2005, concluding the action was not timely filed. <u>Id.</u>, Exh. H. The state court concluded <u>Blakely</u> did not apply to Petitioner's case because it was not retroactive to cases on collateral review and, accordingly, that Petitioner's Rule 32 action did not fall within an exception to the state's timeliness rule. <u>Id.</u>, Exh. H.

Petitioner belatedly sought review of this decision by the Arizona Court of Appeals, which dismissed his petition for review as untimely on January 19, 2006. <u>Id.</u>, Exh. J. Petitioner sought review by the Arizona Supreme Court, which declined review on April 12, 2007. <u>See id.</u>, Exh. K.

In his federal habeas petition Petitioner asserts he is entitled to relief because his right to meaningful access to the courts has been violated. Petitioner states that prison officials are not helping inmates prepare and file legal pleadings with regard to illegal sentences or illegal probation laws. Petitioner also asserts his sentence was improperly aggravated based on facts found by a judge rather than a jury. Petitioner also argues his sentence of lifetime probation

violates his right to due process because it is not authorized by Arizona state statutes.

**II Analysis**

**Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations as found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). However, the AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2008). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008), petition for cert. filed 77 U.S.L.W. 3058 (July 15, 2008) (No. 08-76).

Because Petitioner pled guilty and thereby waived his right to a direct appeal, Petitioner's convictions and sentences became final upon the completion of any timely action seeking state post-conviction relief from his convictions and sentences. See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) (holding that, in Arizona, the statute of limitations began to run upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time

-4-

for seeking such proceeding or review.").

The state trial court dismissed Petitioner's action for state post-conviction relief for Petitioner's failure to prosecute any specific claim for relief on September 3, 1999. Petitioner did not seek review of this decision by the Arizona Court of Appeals. Accordingly, Petitioner had one year from that date, i.e., until September 3, 2000, to seek federal habeas relief, not counting any time during which the statute of limitations was statutorily tolled by the pendency of a properly-filed state action for post-conviction relief. Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001).

Petitioner did not file any action for state or federal post-conviction relief after September 3, 1999 and before September 3, 2000. Petitioner's second state action for state post-conviction relief could not and did not re-start the expired statute of limitations regarding his federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001). Additionally, the untimely-filed state petition for post-conviction relief did not toll the statute of limitations on Petitioner's federal habeas action because a

state petition that is not filed within the state's required time limit is not "properly filed."  Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case.  See Harris, 515 F.3d at 1053-54 & n.4; Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001).  The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time.  See Harris, 515 F.3d at 1055-56 (discussing standard and holding equitable tolling was warranted when the petitioner had relied on prior Circuit Court of Appeals precedent regarding the timely filing of his petition); Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002).  Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.  See Harris, 515 F.3d at 1055 (stating a petitioner's "oversight, miscalculation," or "negligence" would not warrant equitable tolling); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

A federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence throughout the period he seeks to toll.  See e.g., Bryant v. Arizona Attorney Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Warren v. Garvin, 219 F.3d

111, 113 (2d Cir. 2000); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999).   It is Petitioner's burden to establish that equitable tolling is warranted in his case.   <u>See</u> <u>Bryant</u>, 499 F.3d at 1059-60 (holding the petitioner must establish a causal connection between the cause of his delay and the delay itself).

In his reply to the answer to his petition, Petitioner asserts the plea agreement was unconstitutional because, as a result, Petitioner was "twice convicted & sentenced to illegally enhanced multiple sentences for same offense committed, on July 31, 1998." Docket No. 20 at 2.   Petitioner further contends his counsel was unconstitutionally ineffective because counsel "participated in this scheme, to the Petitioner's prejudice." <u>Id.</u>  In his reply Petitioner discusses his right to due process of law and the doctrine of procedural default of habeas claims. Petitioner further alleges that the State of Arizona has "constructed a vague, complex, unconstitutional sentencing scheme that is bias[ed] & prejudice[d] towards 'Indigent Sex Offenders.'"   <u>Id.</u> at 7.   Petitioner also argues that he is entitled to the benefit of the <u>Blakely</u> decision, citing <u>Teague v. Lane</u>.   <u>Id.</u> at 8-9.   Petitioner further alleges

> Rule 32 is unconstitutional for the fact that it denies the Petitioner's right for access to the courts by rejecting claims of illegal sentences imposed, allowing the Public Defenders Office to client shop; diluting the effectiveness of counsel, the probability exists rather than not for the Attorney General's office to prosecute selectively & vindictively....

<u>Id.</u> at 10.

1         Petitioner also contends his right to double jeopardy
2 and equal protection were violated, and that the state committed
3 a "Crawford Rule violation," citing Arizona Revised Statutes §
4 13-801.  Id. at 13-14.  Petitioner further maintains that he was
5 denied his right to the effective assistance of counsel, i.e.,
6 that his criminal and plea proceedings counsel had a conflict of
7 interest and that his post-conviction counsel was ineffective
8 for failing to raise his double jeopardy and Sixth Amendment
9 claims in his first Rule 32 action.  Id. at 16.  Petitioner asks
10 the Court "to review claims presented in this case on the merits
11 in the interest of justice & ends of justice...," asserting
12 there has been a fundamental miscarriage of justice in his case.
13 Id. at 20.

14         Petitioner is not entitled to the equitable tolling of
15 the statute of limitations.  A petitioner seeking equitable
16 tolling must establish two elements: "(1) that he has been
17 pursuing his rights diligently, and (2) that some extraordinary
18 circumstance stood in his way." Pace, 544 U.S. at 418, 125 S.
19 Ct. at 1814-15.  Petitioner has not met his burden of
20 establishing that there were extraordinary circumstances beyond
21 his control which made it impossible for him to file a timely
22 federal habeas petition, or that any state action was the "but
23 for" cause for his failure to timely file his federal habeas
24 action.  See Brown v. Barrow, 512 F.3d 1304, 1306-07 (11th Cir.
25 2008) (holding the petitioner has a strong burden to plead
26 specific facts supporting their claim of extraordinary
27 circumstances).  See also Pace, 544 U.S. at 418-19, 125 S. Ct.

28

-8-

at 1815 (concluding that the petitioner was not entitled to equitable tolling because he was not misled or confused about the exhaustion of his state remedies and filing his federal habeas petition). Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the cause for his failure to timely file his federal habeas action. See Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002).

Petitioner does not claim he was misled about the statute of limitations or that Respondents acted to inhibit the filing of his federal habeas petition. A petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-716 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling").

In 2006 the United States Supreme Court denied certiorari from a decision of the Seventh Circuit Court of Appeals concluding federal habeas petitioners were not entitled to equitable tolling of the AEDPA's statute of limitations based on a claim of actual innocence, thereby resolving a split among the Circuit Courts of Appeal on this issue. See Araujo v. Chandler, 435 F.3d 678, 680 (2005) (noting the contention that actual innocence is a freestanding exception to the AEDPA's limitations period is "an argument which has caused the courts a good deal of consternation."), cert. denied, 127 S. Ct. 39 (2006).[1] See also Lisker v. Knowles, 463 F. Supp. 2d 1008, 1032-33 (C.D. Cal. 2006) (delineating the positions adopted by the various Circuit Courts of Appeal).

However, the Court has previously determined that a petitioner's claim of actual innocence should be examined to determine if the petitioner has stated a colorable claim which

---

[1] Prior to 2006, the Sixth, Seventh, Eight and Tenth circuits had adopted either a full or restricted actual innocence exception to the limitations period. "We have recently decided that '[p]risoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action.'" Araujo v. Chandler 435 F.3d 678, 680 (2005), cert. denied, 127 S. Ct. 39 (2006), quoting Escamilla v. Jungwirth, 426 F.3d 868, 872 (7th Cir. 2005); Souter v. Jones, 395 F.3d 577 (6th Cir. 2005) (holding that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate."). The First and Fifth Circuits had rejected or found irrelevant any claim of actual innocence in consideration of whether a habeas petition is time-barred, an approached modified by the Second Circuit. See Whitley v. Senkowski, 317 F.3d 223 (2nd Cir. 2003) (requiring that the district court determine whether there is, in fact, a showing of actual innocence); David v. Hall, 318 F.3d 343, 347-48 (1st Cir. 2003) (finding no miscarriage of justice exception to the AEDPA statute of limitations in case where the petitioner did not make even a predicate showing of innocence).

might provide for equitable tolling of the statute of limitations "because serious constitutional questions involving the Due Process Clause, Suspension Clause, and Eighth Amendment could arise from preventing a petitioner who may be actually innocent from pursuing untimely habeas claims." Lindley v. Schriro, 2007 WL 2320535, at *3 (D. Ariz. 2007).

Petitioner does not assert his actual innocence of the crimes of conviction, but asserts he was improperly sentenced and that the plea agreement violated his right to due process and was completed in violation of his right to the effective assistance of counsel. Petitioner, in essence, provides the Court with an argument regarding any procedural default of his claims, rather than a basis for the equitable tolling of the statute of limitations.

**III   Conclusion**

Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable to it pursuant to the AEDPA. Petitioner has not shown that the circumstances of his case warrant application of equitable tolling so that this Court may address the merits of his petition for a writ of habeas corpus.

**IT IS THEREFORE RECOMMENDED** that Mr. Gallegos' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

1        This recommendation is not an order that is immediately
2   appealable to the Ninth Circuit Court of Appeals.  Any notice of
3   appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
4   Procedure, should not be filed until entry of the district
5   court's judgment.

6        Pursuant to Rule 72(b), Federal Rules of Civil
7   Procedure, the parties shall have ten (10) days from the date of
8   service of a copy of this recommendation within which to file
9   specific written objections with the Court.  Thereafter, the
10  parties have ten (10) days within which to file a response to
11  the objections.  Failure to timely file objections to any
12  factual or legal determinations of the Magistrate Judge will be
13  considered a waiver of a party's right to de novo appellate
14  consideration of the issues.  See United States v. Reyna-Tapia,
15  328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to
16  timely file objections to any factual or legal determinations of
17  the Magistrate Judge will constitute a waiver of a party's right
18  to appellate review of the findings of fact and conclusions of
19  law in an order or judgment entered pursuant to the
20  recommendation of the Magistrate Judge.

21       DATED this 16th day of September, 2008.

22

23

24  _____
                    Mark E. Aspey
25              United States Magistrate Judge

26

27

28                              -12-