**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Stanley Gallegos,  )<br>  )<br>             Petitioner,  )<br>  )<br>vs.  )<br>  )<br>  )<br>Dora Schriro and Arizona Attorney )<br>General,  )<br>  )<br>             Respondents.  )<br>                                                               ) | No. CV 07-2263-PHX-MHM<br><br>**ORDER** |

Petitioner Michael Stanley Gallegos, who is confined in the Arizona State Prison Complex in Florence, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 42 U.S.C. § 2254 on November 19, 2007. (Doc. # 1) Respondents filed a Response on July 11, 2008 (Doc. # 17), and Petitioner filed a Reply on September 12, 2008 (Doc. # 20).

This matter was referred to Magistrate Judge Mark E. Aspey, who issued a Report and Recommendation on September 17, 2008, recommending that the Petition be denied and dismissed with prejudice. (Doc. # 22) On September 25, 2008, Petitioner filed a "Motion to Object State's Report & Recommendation on Petition for Writ of Habeas Corpus" ("Objection"). (Doc. # 23)

**I.    BACKGROUND**

The relevant facts of the case, as related by Magistrate Judge Aspey, are as follows. In 1998, Petitioner was charged with ten crimes, including once count of sexual conduct with

1 a minor and one count of attempted molestation of a child.  (Doc. # 17, Ex. B)  On July 31, 2 1998, Petitioner entered into a written plea agreement, providing that he would plead guilty 3 to these two charges and that the other eight counts would be dismissed.  (Id.)  As part of the 4 plea agreement, Petitioner waived his right to a trial by jury.  (Id.)  The plea agreement stated 5 that the sentencing court would impose a sentence within the minimum and maximum range 6 provided for in the plea agreement, noting a presumptive sentence of 10 to 20 years' 7 imprisonment and a maximum sentence of 15 to 27 years' imprisonment.  (Id.)

8 On October 23, 1998, Petitioner was sentenced to an aggravated term of 22 years' 9 imprisonment pursuant to his conviction for sexual conduct with a minor and to a 10 consecutive term of lifetime probation pursuant to his conviction for attempted child 11 molestation.  (Id., Ex. C)

12 On November 5, 1998, Petitioner filed a timely Notice of Post-Conviction Relief 13 pursuant to Rule 32, Arizona Rules of Criminal Procedure.  (Id., Ex. D)  On July 1, 1999, 14 Petitioner's appointed counsel averred to the state court that he could find no meritorious 15 grounds for relief.  (Id., Ex. E)  Although the state court granted Petitioner an extension of 16 time within which to file a pro se brief in the Rule 32 action, Petitioner failed to do so. 17 Accordingly, the state court dismissed the action on September 30, 1999.  (Id., Exs. F & G)

18 On June 10, 2005, over six and one-half years later, Petitioner filed another Rule 32 19 petition in state court, arguing that he was entitled to relief from his sentences based on the 20 United States Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). 21 (Id., Exs. C, H)  The state trial court dismissed the Rule 32 action on June 30, 2005, 22 concluding that the action was not timely filed and that Blakley did not apply retroactively 23 to cases on collateral review.  (Id., Ex. H)

24 On January 11, 2006, Petitioner filed a Petition for Review in the Arizona Court of 25 Appeals (Id., Ex. I), which that court dismissed as untimely on January 19, 2006.  (Id., Ex. 26 J)  Petitioner subsequently sought review by the Arizona Supreme Court, which denied 27 review on April 12, 2007.  (Id., Ex. K)

28

1  Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 42 U.S.C.
2  § 2254 in the District Court on November 19, 2007. Petitioner urges four grounds for relief:
3  (1) that his First Amendment right to meaningful access to the courts has been violated
4  because prison officials are not helping inmates prepare and file legal pleadings with regard
5  to illegal sentences or illegal probation laws; (2) that the Fifth Amendment provision for
6  compulsory process and his due process rights have been violated because he was not
7  sentenced within the Guidelines; (3) that his Sixth Amendment right to effective assistance
8  of counsel and a public trial by a jury of his peers was violated because his sentence was
9  improperly aggravated based on factors found by a judge rather than a jury; and (4) that his
10 Fourteenth Amendment right to due process of law was violated because his sentence of
11 lifetime probation is not authorized by Arizona state statutes.

**II.    STANDARD OF REVIEW**

The district court must review the magistrate judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc); see 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**III.   DISCUSSION**

In his Report and Recommendation, the Magistrate Judge found that Petitioner's Petition is barred by the applicable statue of limitations as set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Petitioner had one year from the date upon which his convictions and sentences became final, i.e., September 3, 1999, when the state trial court dismissed Petitioner's Rule 32 action, to seek federal habeas relief. Petitioner did not file any action for state or federal post-conviction relief between September 3, 1999, and September 3, 2000. The Magistrate Judge further found that Petitioner has not demonstrated that he is

entitled to the equitable tolling of the statute of limitations. The Court agrees with the Magistrate Judge's determinations.

In his Objections, Petitioner argues that he is entitled to equitable tolling of the statute of limitations. Petitioner asserts that the Arizona Department of Corrections legal resource center did not have a copy of 28 U.S.C. § 2244 and therefore he did not have knowledge of the AEDPA statute of limitations. Petitioner contends that this situation constitutes extraordinary circumstances beyond his control that made it impossible for him to timely file his habeas petition.

As support for his contention, Petitioner has attached several exhibits to his Objections. Exhibit No. 1(C) appears to be an inmate letter dated June 2, 2008, signed by inmate Steven Tucker, inquiring whether the "South Unit Library currently contain[s]" or has "ever carried the legal reference 28 U.S.C. § 2244?" Exhibit No. 1(B) is an "Inmate Letter Response" dated June 10, 2008, which states that "Department Order 902 Attachment 'A' is very specific on which legal texts I can include in our library. Title 28 § 2244 is not on that list." A review of Attachment A, however, reveals that the prison library contains a copy of the "Federal Civil Judicial Procedure and Rules." This volume includes a complete recitation of 28 U.S.C. § 2244, including the limitations period applicable to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Accordingly, because Petitioner had access to information regarding the applicable statute of limitations, he has failed to demonstrate that extraordinary circumstances beyond his control prevented him from timely filing his Petition.

The Court has reviewed the remainder of Petitioner's objections, in which he re-urges arguments previously set forth in his pleadings. Accordingly, the Court finds them to be without merit.

**IV.   CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** adopting the Report and Recommendation of the Magistrate Judge. (Doc. # 22)

- 4 -

1     **IT IS FURTHER ORDERED** denying the Petition for Writ of Habeas Corpus. (Doc. # 1)

    **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

    DATED this 8th day of April, 2009.

_____
Mary H. Murguia
United States District Judge